# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2010

Lyle W. Cayce
Clerk

No. 09-51117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO AMADOR-JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-207-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guillermo Amador-Juarez appeals his convictions for possession with intent to distribute 100 kilograms or more of marijuana and importation of 100 kilograms or more of marijuana. He challenges only the sufficiency of the evidence supporting a finding of guilty knowledge. As Amador-Juarez moved for a judgment of acquittal at the close of the Government's case and again at the close of all the evidence, we review his claims de novo. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2065 and 2067 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thus, we "view[] the evidence in the light most favorable to the verdict and draw[] all reasonable inferences from the evidence to support the verdict." *Id*. "[I]f a reasonable trier of fact could conclude [that] the elements of the offense were established beyond a reasonable doubt," we must affirm. *Id*.

Because the marijuana was concealed within the tires and backseat of the pickup truck Amador-Juarez was driving, knowledge may not be inferred solely from Amador-Juarez's control of the vehicle in which the drugs were found; additional circumstantial evidence demonstrating guilty knowledge is needed. *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). The record demonstrates that there was sufficient circumstantial evidence of Amador-Juarez's guilty knowledge.

Amador-Juarez's exhibition of nervous behavior at the secondary inspection area, combined with his voluntary statements before he knew the purpose of the stop, such as "It's not my vehicle[,] I'm just taking it here[,]" and "I'm curious to know if there is something in that truck because if there is, it's not mine," raised an inference of guilty knowledge. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). The fact that Amador-Juarez falsely told officials that his trip on the date in question was his first time in the truck also casts doubt on the veracity of his claim that he was unaware of the presence of the marijuana. Similarly, Amador-Juarez's story about the purpose of his trip (that he was going to purchase a vehicle that already was registered in his name, without knowing the vehicle's make, model, or color) and his subsequent change in his story (that he was going to look at the vehicle and buy it if he liked it) raised a plausible inference of guilty knowledge. Additionally, while there was no evidence that Amador-Juarez drove the truck for more than the length of the international bridge, the jury could reasonably infer that during the time Amador-Juarez was a passenger in the truck, Amador-Juarez heard the "clunk, clunk" noise in the truck's tires and/or observed the steering wheel vibrate. A jury also could have reasonably found Amador-Juarez's

response that he did not know Miguel's last name, a person to whom he had given copies of his Social Security number and his driver's license, to be implausible.

Additionally, combined with the above evidence, the value of the marijuana seized from the truck Amador-Juarez was driving, between $52,500 and $140,000, rendered it reasonable for the jury to deduce that he "would not have been entrusted with that extremely valuable cargo if he was not part of the trafficking scheme." *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Amador-Juarez knew he was transporting drugs. The judgment of the district court is thus AFFIRMED.